

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 4
ATLANTA FEDERAL CENTER
61 FORSYTH STREET
ATLANTA, GEORGIA 30303-8960

August 23, 2021

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Benjamin Mendible
President and Registered Agent
Vista Construction Services, Inc.
4444 SW 71st Avenue Suite 103
Miami, Florida  33155
ben@vistaconstructionservices.com
viviana@vistaconstructionservices.com

      Re:  Subpoena Duces Tecum Issued Pursuant to Section 11(c) of the
             Toxic Substances Control Act, 15 U.S.C. § 2610(c)

Dear Mr. Mendible:

The attached Subpoena Duces Tecum ("Subpoena") is being issued by the U.S. Environmental
Protection Agency to Vista Construction Services, Inc. (Vista) pursuant to Section 11(c) of the Toxic
Substances Control Act (TSCA), 15 U.S.C. § 2610(c), and 40 C.F.R. § 745.87(e), to require Vista to
provide certain records and information regarding the company's compliance with TSCA and the
Residential Property Renovation rule found at 40 C.F.R. Part 745, Subpart E (more commonly known as
the Renovation, Repair, and Painting rule or RRP rule). The RRP rule sets forth requirements that firms
must follow when performing renovation, repair and painting activities at properties constructed prior to
1978 (target housing) where lead-based paint may be present. The EPA promulgated the RRP rule
pursuant to Sections 402 and 406 of TSCA, 15 U.S.C. §§ 2682 and 2686.

The RRP rule requires renovation firms and individuals conducting renovations in target housing to
obtain and maintain certification (40 C.F.R. §§ 745.81 and 89) prior to performing renovations for
compensation, and to follow procedures that implement the three basic requirements of work practice
standards: (1) contain the work area; (2) minimize dust; and (3) clean up thoroughly. Renovation firms
must also comply with regulations found at 40 C.F.R. § 745.84 regarding distribution of lead hazard
information to people who may be affected by the renovation, repair, or painting projects.

Pursuant to 40 C.F.R. § 745.86(a), firms performing renovations on target housing must retain and, if
requested, make available to the EPA all records necessary to demonstrate compliance with Subpart E
requirements for a period of three years following completion of the renovation. Pursuant to 40 C.F.R.
§ 745.87(b), failure or refusal to establish and maintain records or to make available or permit access to
or copying of records, as required by Subpart E, is a violation of TSCA Sections 15 and 409, 15 U.S.C.
§§ 2614 and 2689. Pursuant to 40 C.F.R. § 761.87(c), failure or refusal to permit entry or inspections as
required by 40 C.F.R. § 745.87 and TSCA Section 11 is a violation of Sections 15 and 409 of TSCA.
Pursuant to Section 409 of TSCA, 15 U.S.C. § 2689, it is unlawful for any person to fail or refuse to
comply with a provision of Sections 401 through 412 of TSCA, 15 U.S.C. §§ 2681 through 2692, or

with any rule or order issued pursuant thereto. Violation of TSCA provisions or regulations promulgated thereto can result in civil penalties of up to $40,576 per violation per day.

On February 2, 2016, an inspector with the EPA attempted to conduct an inspection at Vista's office located at 4402 SW 74th Avenue, Miami, Florida 33155[1], pursuant to Section 11 of TSCA and 40 C.F.R. § 745.87(e). The purpose of the inspection was to review certain records to determine Vista's compliance with TSCA and the RRP rule at target housing. Vista refused to allow the EPA to conduct the inspection and to review and/or copy records. Additional efforts to inspect Vista's records were made by the EPA on February 4, 2016; June 6, 2016; June 8, 2016; June 9, 2016; and January 3, 2018, and on each occasion, employees and/or representatives of Vista denied entry to the EPA's Inspector and access to the records sought.

On February 26, 2020, the EPA sent an Opportunity to Show Cause letter to Vista, which went unanswered. On November 3, 2020, the EPA sent a letter to Vista requesting records and information. On November 16, 2020, Vista responded by email stating that it cannot comply with the request for records as it is contemplating closing the business due to the COVID pandemic. The EPA obtained and reviewed building permit applications indicating that Vista continued conducting business in October and November of 2020. On November 17, 2020, the EPA sent an email to Vista informing the company that it is still required to provide the requested records. Vista failed to respond to the email. On December 1, 2020, the EPA called Vista to inquire about the status of the records request, and the Vista representative stated that we would need to speak with the owner who was not available. Vista failed to return the EPA's telephone call.

Section 11(c) of TSCA, 15 U.S.C. § 2610(c), authorizes the EPA Administrator to issue subpoenas that require witnesses to answer questions and provide reports, papers, documents, and other information to carry out the purposes of TSCA. As a result of Vista's failure to allow the EPA to review and copy its records during multiple attempted inspections, and Vista's subsequent failure to submit the records and information in response to the EPA's letter dated November 3, 2020, the EPA is issuing the enclosed Subpoena to Vista, pursuant to Section 11(c) of TSCA. The purposes of this Subpoena are: (1) to obtain certain records and answers to questions pertaining to Vista's renovation, repair, and painting activities in target housing; and (2) to determine, through a review of the records and information requested herein, Respondent's compliance with TSCA and the RRP rule, for certain renovations conducted by Respondent in target housing.

The Subpoena requires you to send all information and copies of supporting documents responsive to the Subpoena by mail or a delivery service, and via email as a readable portable document file within 14 calendar days of your receipt of the Subpoena.

In the event of contumacy, failure, or refusal of any person to obey any such subpoena, any district court of the United States in which venue is proper shall have jurisdiction to order any such person to comply with such subpoena. Any failure to obey such an order of the court is punishable by the court as a contempt thereof.

We have enclosed an EPA information sheet entitled U.S. EPA Small Business Resources which may be helpful if Respondent qualifies as a small business.

---

[1] Vista's physical address at the time of the attempted inspection was 4402 SW 74th Avenue, Miami, Florida 33155. Vista's current physical address is located at 4444 SW 71st Avenue Suite 103 Miami, Florida 33155.

If you have any questions concerning this Subpoena, please contact Robert Caplan, Senior Attorney, at (404) 562-9520 or by email at caplan.robert@epa.gov, or Robert Summers, Attorney-Advisor at (404) 562-9523 or by email at summers.robert@epa.gov.

Sincerely,

CAROL MONELL

Digitally signed by
CAROL MONELL
Date: 2021.08.23
14:08:55 -04'00'

John Blevins
Acting Regional Administrator
U.S. EPA, Region 4

Enclosures

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION 4**

|   |   |
|---|---|
| In the Matter of: | ) |
|   | ) |
|   | )   **SUBPOENA DUCES TECUM** |
| Vista Construction Services, Inc. | ) |
|   | ) |
| _____ | ) |

**TO**:        Vista Construction Services, Inc.
             4444 SW 71ˢᵗ Avenue Suite 103
             Miami, Florida  33155

Vista Construction Services, Inc. **IS COMMANDED,** pursuant to Section 11(c) of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2610(c) and 40 C.F.R. § 745.87(e) to submit all information and copies of documents requested in Attachment A to this Subpoena within 14 calendar days of your receipt of this Subpoena by mail or a delivery service, and via email as a readable portable document file to:

**PLACE:**     F. Bryce Covington
             Chief, TSCA Enforcement Section
             Enforcement and Compliance Assurance Division
             U.S. Environmental Protection Agency, Region 4
             61 Forsyth Street
             Atlanta, Georgia  30303-8960
             Covington.Bryce@epa.gov

**SPECIFICALLY, YOU MUST:**

Review Attachment A and the declaration attached to this Subpoena. The instructions, definitions, information and document requests, and declaration are an integral component of the Subpoena that you must follow to comply with the Subpoena.

The information requested herein must be provided even though Vista may contend that it includes possible confidential information or trade secrets. You may, if you desire, assert a confidentiality claim covering part or all of the information requested, pursuant to 40 C.F.R. Part 2, Subpart B, Confidentiality of Business Information, and in particular 40 C.F.R. § 2.203(b), by attaching to such information at the time it is submitted, a cover sheet, stamped or typed legend, or other suitable form of notice employing language such as "trade secret," or "proprietary." or "company confidential." Information covered by such a claim will be disclosed by the EPA only to the extent, and only by means. of the procedures set forth in the regulation identified above. If no such claim accompanies the information when it is received by the EPA, it may be made available to the public by the EPA without further notice to you. You should read the above cited regulation carefully before asserting a business confidentiality claim, since certain categories of information are not properly the subject of such a claim.

The EPA may use the information you provide in response to this Subpoena in an administrative, civil, or criminal action.

This Subpoena is not subject to the requirements of the Paperwork Reduction Act, 44 U.S.C. § 3501 *et seq.*, because it seeks the collection of information from specific individuals or entities as part of an administrative action or investigation.

Under Section 16 of TSCA, 15 U.S.C. § 2615, and 40 C.F.R. Part 19, the EPA is authorized to seek civil penalties of up to $40,576 per day against Vista Construction Services, Inc. for failing or refusing to submit the information required by the Subpoena. Further, under 18 U.S.C. § 1001, you may be fined or imprisoned for up to five years for knowingly or willfully: (1) falsifying, concealing, or covering up a material fact; (2) making any materially false, fictitious, or fraudulent statement or representation; or (3) making or using any false writing or document knowing it contains any materially false, fictitious, or fraudulent statement.

**FAILURE TO FULLY COMPLY WITH THIS SUBPOENA MAY RESULT IN A COURT ACTION AGAINST YOU.**

Issued on August 25, 2021 _____

**Monell, Carol** Digitally signed by Monell, Carol
Date: 2021.08.23 14:11:34 -04'00'

John Blevins
Acting Regional Administrator

## ATTACHMENT A

### I.      Instructions

1.      Review this Attachment and Declaration attached to this Subpoena. The instructions, definitions, information and document requests, and Declaration are integral components of the request for documents, which you must follow to comply with the request for documents.

2.      Include true, complete, and accurate copies of ALL documents requested in this Attachment as specified in the instructions. If you claim that any document or part of the document requested by this Subpoena is confidential business information, you still must provide that document, and you must mark such information as CBI as instructed in the Subpoena above.

3.      Include the attached Declaration, signed by an authorized official of the company. Please read the Declaration carefully and be sure that you understand it before you sign it.

4.      You must number each of your responses so that the number of the response corresponds with the number of the item in Part III of this Attachment.

5.      For each document you submit, clearly and precisely identify its title, author, date of preparation, and subject matter. You must number each document to correspond with the number of the item requesting the document in Part III of this Attachment. For example, if you are submitting a document in response to Item No. 2, the document should be marked "Response to Item No. 2."

6.      Upon receipt of this Subpoena, you and your affiliates and agents must retain all documents, including electronically stored information, requested by this Subpoena. Destruction of any such records constitutes a failure to comply with this Subpoena and may result in a court action against Respondent. This requirement is in addition to any other record retention requirement in the RRP rule

7.      This Subpoena covers all information, documents, and records described in Part III of this Attachment that are in your possession or control, or in the possession or control of your current or former employees, agents, contractors, accountants, or attorneys. You must provide the information whether or not it is based on your personal knowledge and regardless of the source. Where information necessary for a complete response is not in your possession or control, state this fact in your response and, if possible, identify any source that either has or is likely to have such information.

8.      In answering each item, identify all persons by name, title, and telephone number, who contributed information and documents. If any information sought by this Subpoena is not contained in a document, you must identify for each piece of information, the person(s) who provided the information, the basis for each person's knowledge, the position occupied by the person providing the response, and the person's address and supervisor's name.

### II.      Definitions

Unless otherwise defined below, the terms used in this Subpoena have the meanings given in Section 406(b) of TSCA and 40 C.F.R. Part 745, Subpart E.

1.  *Adult Occupant* means any individual 18 years of age or older who occupies target housing and is not the owner of such housing.

2.  *Document* means the original or an identical and readable copy thereof, and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise), of any writings or records of any type or description, however created, produced or reproduced, including but not limited to any final contracts, contingency contracts, riders, agreements, papers, books, records, letters, photographs, correspondence, communications, including electronic communications including but not limited to email, text messaging, contracts signed electronically (i.e. DocuSign), memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, blueprints, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing program libraries, data processing input and output, books of accounts, records and invoices reflecting business operations, all records kept by electronic, photographic or mechanical means, any notes or drafts related to the foregoing, and all things similar to any of the foregoing, however denominated.

3.  *Identify* means, with respect to a person, to set forth the person's full name, current or last known personal address, current or last known business address, and current or last known telephone number.

4.  *Lead-based paint* means paint or other surface coatings which contain lead equal to or in excess of 1.0 milligram per square centimeter or 0.5 percent by weight.

5.  *Lead-based paint hazard* means any condition which causes exposure to lead from lead-contaminated dust, lead-contaminated soil, or lead contaminated paint which is deteriorating or present in accessible surfaces, friction surfaces, or impact surfaces that would result in adverse human health effects as established by the appropriate federal agency.

6.  *Minor Repair and Maintenance Activities* are any activities, including minor heating, ventilation or air conditioning work, electrical work and plumbing, that disrupt 6 square feet or less of painted surface per room for interior activities or 20 square feet or less of painted surface for exterior activities where none of the work practices prohibited or restricted by 40 C.F.R. § 745.85(a)(3) are used and where the work does not involve window replacement or demolition of painted surface areas. When removing painted components, or portions of painted components, the entire surface area removed is the amount of painted surface disturbed. Jobs, other than emergency renovations, performed in the same room within the same 30 days must be considered the same job for the purpose of determining whether the job is a minor repair and maintenance activity.

7.  *Owner* means any entity that has legal title to target housing, except where a mortgagee holds legal title to property serving as collateral for a mortgage loan, in which case the owner is considered the mortgagor.

8.    *Pamphlet* means the EPA pamphlet titled *Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools* developed under Section 406(a) of TSCA for use under Section 406(b) of TSCA, or any State or Tribal pamphlet approved by the EPA pursuant to 40 C.F.R.§ 745.326 that is developed for the same purpose. This includes reproductions of the pamphlet when copies in full and without revision or deletion of material from the pamphlet (except for the addition or revision of State or local sources of information). Before December 22, 2008, the term "pamphlet" also means any pamphlet developed by the EPA under Section 406(a) of TSCA or any state or tribal pamphlet approved by the EPA pursuant to 40 C.F.R. § 745.326.

9.    *Property* and *Properties* include all target housing properties and all individual units renovated by Respondent.

10.   *Renovation* means the modification of any existing structure, or portion thereof, that results in the disturbance of painted surfaces, unless that activity is performed as part of an abatement as defined by 40 C.F.R. § 745.223. The term renovation includes (but is not limited to): the removal, modification or repair of painted surfaces or painted components (e.g., modification of painted doors, surface restoration, window repair, surface preparation activity (such as sanding, scraping or other such activities that may generate paint dust)); the removal of building components (e.g., walls, ceilings, plumbing, windows); weatherization projects (e.g., cutting holes in painted surfaces to install blown-in insulation or to gain access to attics, planning thresholds to install weather stripping); and interim controls that disturb painted surfaces. A renovation performed for the purpose of converting a building, or part of a building, into target housing or a child-occupied facility is a renovation under this subpart. The term renovation does not include minor repair and maintenance activities.

11.   *Renovator* means an individual who either performs or directs workers who perform renovations. A certified renovator is a renovator who has successfully completed a renovator course accredited by the EPA or an EPA-authorized State or Tribal program.

12.   *Residential Property Renovation Rule*, commonly known as the *Renovation, Repair, and Paint Rule* or *RRP Rule*, means the rule promulgated at 40 C.F.R. Part 745, Subpart E, that requires certain persons who perform renovations of target housing for compensation to provide a lead hazard information pamphlet to owners and occupants of such housing prior to commencing the renovation.

13.   *Respondent* or *You* means Vista Construction Services, Inc. and any officers, managers, employees, contractors, subcontractors, partners, trustees, assigns, subsidiaries and agents of Vista Construction Services, Inc.

14.   *Target housing* means any housing constructed prior to 1978, except housing for the elderly or persons with disabilities (unless any child who is less than 6 years of age resides or is expected to reside in such housing) or any 0-bedroom dwelling, as defined in Section 1004(27) of the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. § 4851$b$(27), and 40 C.F.R. § 745.103.

### III.   Information and Documents You Are Required to Submit to EPA

This Subpoena requires you to submit the following information and documents for the period of October 15, 2015, to the present. Please collate the documentation and responses by property. Please submit the information via mail or a delivery service, and via email as a readable portable document file.

1.   For each project identified in the attached Table 1, and all other renovations on target housing for which a customer entered into a contract for renovation with you, provide the following information and documents:

   a.   Identify whether the Vista Construction Services, Inc. customer entered into the contract with you or with your contractor or subcontractor;

   b.   Identify whether the Vista Construction Services, Inc. customer made the payment for the contract to you or to your contractor or subcontractor;

   c.   Copies of all contracts, invoices, work orders, change orders, and agreements with Vista Construction Services, Inc. (including all addenda to such documents);

   d.   Copies of all permit applications and plans as well as the issued final permits;

   e.   Copies of all drawings, photos, or other schematic documents that illustrate the work area and the condition of the work area before, during, or after the activity;

   f.   Copies of any documents that indicate the age of the renovated property, as well as property type (i.e. single-family home, multi-family building, etc.);

   g.   Copies of all signed and dated acknowledgments of receipt of a pamphlet by the owner of the property where the work was performed or copies of all certificates of mailing of a pamphlet to the owner;

   h.   Where the owner did not occupy the property at the time of the renovation, copies of all signed and dated acknowledgments of receipt of a pamphlet by an adult occupant or certificates of mailing of a pamphlet to an adult occupant or certificates of attempted delivery of a pamphlet to an adult occupant;

   i.   Identify the owners and/or adult occupants of the property at the time of the renovation;

   j.   A list of the ages of all children occupying the property at the time of the renovation, if such information is reasonably available;

   k.   The firm name, address, phone number, and the EPA firm certificate for all contractor firms and subcontractor firms that performed the renovation;

   l.   Identify the certified renovator assigned to each renovation and provide a copy of their renovator certification issued by an EPA accredited training provider showing completion of an EPA accredited renovator training course;

m. Copies of all records that demonstrate a certified renovator was assigned to the renovation;

n. Copies of all records that demonstrate a certified renovator provided on-the-job training for workers used on the project;

o. Copies of all records that demonstrate a certified renovator performed or directed workers who performed the renovation;

p. Copies of all records that demonstrate a certified renovator performed post cleanup verification;

q. Copies of all Sample Renovation Recordkeeping Checklists or similar records;

r. Copies of the contracts between you and the subcontractors who performed the renovation;

s. Identify the inspector (certified pursuant to either Federal regulations at 40 C.F.R. § 745.226 or an EPA-authorized State or Tribal certification program) or the Renovation, Repair and Painting certified renovator who determined lead-based paint was or was not present at the property, if such a determination was made;

t. Copies of all documents that an inspector (certified pursuant to either Federal regulations at 40 C.F.R. § 745.226 or an EPA-authorized State or Tribal certification program) or Renovation, Repair and Painting certified renovator used to determine lead-based paint was or was not present at the property, if such a determination was made;

u. Copies of all test kit documents for the property including the certified renovator who performed the test, the manufacturer and model of the test, the components tested, where each component was located, and the test results, if such tests were performed; and

v. Copies of documents that demonstrate that copies of the test kit documentation and information regarding training and work practices were provided to the owner and occupant after final invoice or within 30 days of completion of the renovation, if such tests were performed.

2. For each property that you are unable to provide all of the information requested in Item Number 1, explain the reason why such information or documents are unavailable, and provide the name, work address, and work phone number of the Vista Construction Services, Inc. manager responsible for such information and documents. If the document was, but is no longer, in your possession, custody or control, please provide the following:

a. The disposition of the document;

b. The date such disposition was made;

c. The present custodian of the document and the custodian's address, or, if the document no longer exists, so state;

d. The identity of the person who made the decision regarding the disposition of the document;

    e.   The reason for the disposition; and

    f.   A description of the document and its contents, including the title, date, and author.

3.    For each of the projects identified in the attached Table 1 and other renovations for which a customer entered into a contract with you for renovation at target housing and child occupied facilities, and a determination was made that the renovation was exempt from the RRP rule as minor repair and maintenance, provide documentation and explain why you believe the exemption applied.

4.    Provide the names and addresses of all firms that have entered into contracts with you to perform renovation work in locations listed in attached Table 1 and other renovations for which a customer entered into a contract with you for renovations at target housing and child occupied facilities.

5.    Identify the individuals within your management responsible for ensuring Vista Construction Services, Inc.'s compliance with the RRP rule.

6.    Provide copies of all policies, procedures or training created or provided by Respondent to its employees, contractors, and subcontractors regarding compliance with the RRP rule.

### UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
### REGION 4

|  |  |  |
|---|---|---|
| | ) | |
| **In the Matter of:** | ) | |
| | ) | **SUBPOENA DUCES TECUM** |
| **Vista Construction Services, Inc.** | ) | |
| | ) | |
| _____ | ) | |

### Declaration Responding to Subpoena Duces Tecum

I, the undersigned, state as follows:

1.  I have made a diligent search and inquiry for all information and documents that are requested in the Subpoena, issued by the U.S. Environmental Protection Agency on _____ __, 2021, to which this declaration responds. I have not found or been told about, and have no knowledge of, any information or documents requested by the Subpoena that I have not identified, copied, and submitted along with this declaration. I have not destroyed any requested documents or transferred any requested documents to any other person or party in the last three years.

2.  Attached to this declaration are _____ pages of documents. The attached pages are true, complete, and correct copies of documents that I presently have in my custody or control either personally, or as an agent, representative, or employee of a business entity in which I had or have a financial or ownership interest.

3.  The information and documents were prepared and kept, or were received and kept, in the usual course of regularly conducted business.

4.  All the responses to the inquiries contained in the Subpoena are true, complete, and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on     _____
                  Date

Signature:     _____

Office or Title:  _____

TABLE 1

| | | |
|---|---|---|
| 10924 SW 71st Street<br>Miami, FL 33173<br>Permit Number: 2020047936 | 4710 SW 67th Avenue<br>Miami, FL 33155<br>Permit Number: 2020040130 | 5842 SW 62nd Street<br>Miami, FL 33143<br>Permit Number: 2020001742 |
| 761 NE 154th Street<br>Miami, FL 33162<br>Permit Number: 2019064607 | 5836 SW 26th Street<br>Miami, FL 33155<br>Permit Number: 2019055225 | 3411 SW 105th Court<br>Miami, FL 33165<br>Permit Number: 2019042880 |
| 9440 Fontainebleau<br>Boulevard<br>Miami, FL 33172<br>Permit Number: 2019029441 | 1930 SW 76th Court<br>Miami, FL 33155<br>Permit Number: 2019024753 | 7410 SW 83rd Court<br>Miami, FL 33143<br>Permit Number: 2018079399 |
| 14532 SW 107th Place<br>Miami, FL 33176<br>Permit Number: 2018069655 | 3410 SW 105th Court<br>Miami, FL 33165<br>Permit Number: 2018069654 | 5742 SW 41st Street<br>Miami, FL 3315<br>Permit Number: 2018059674 |
| 10240 SW 125th Street<br>Miami, FL 33176<br>Permit Number: 2018039133 | 366 Miracle Mile<br>Miami, FL<br>Permit Number: 2018025671 | 7201 SW 58 Street<br>Miami, FL<br>Permit Number: 2018006211 |
| 14274 SW 108th Court<br>Miami, FL 33176<br>Permit Number: 2018006210 | 761 NE 154th Street<br>Miami, FL 33162<br>Permit Number: 2018006208 | 2809 Bird Avenue<br>Miami, FL<br>Permit number: 2018000446 |
| 11300 SW 46th Street<br>Miami, FL 33165<br>Permit Number: 2017066523 | 9850 SW 81st Street<br>Miami, FL 33173<br>Permit Number: 2017052979 | 7771 SW 19th Street<br>Miami, FL 33155<br>Permit Number: 2017049184 |
| 30334 SW 158 Court<br>Miami, FL<br>Permit Number: 2017049166 | 10700 SW 108 Avenue<br>Miami, FL<br>Permit Number: 2017047993 | 9325 SW 43rd Terrace<br>Miami, FL 33165<br>Permit Number: 201652323 |
| 9160 SW 55th Street<br>Cooper City, Florida 33328<br>Permit Number: PRS18-1985 | 10040 SW 111th Street<br>Miami, FL 33176<br>Permit Number: 2017035198 | 1600 Le Jeune Road<br>Miami, Florida 33134<br>Permit Number: BL-19-09-3293 |
| 2700 Le Jeune Road<br>Miami, Florida 33134<br>Permit Number: BL-20-08-7185 | 8790 SW 54th St<br>Miami, Florida 33165<br>Permit Number: B20-02582 | 4646 Pine Tree Drive<br>Miami Beach, Florida 33140<br>Permit Number: BR2004021 |
| 3909 Alhambra Court<br>Coral Gables, Florida 33134<br>Permit Number: BL-19-06-5636 | 1000 W Avenue BS3<br>Miami Beach, Florida 33139<br>Permit Number: BC 1808547 | 5200 Pine Tree Drive<br>Miami Beach, Florida 33140<br>Permit Number BR1903439 |